IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALESIA R. DAVIS                    :

                                      :

     v.                          : Civil Action No. DKC 2008-2473

DONNAMAX, INC., et al.        :

                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this product defect action are: (1) Plaintiff's motion for reconsideration (Paper 40); and (2) Plaintiff's motion to amend.[1] (Paper 44).  The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, both motions will be denied.

## I.  Background

Plaintiff Alesia R. Davis alleges that on July 4, 2008, she suffered a permanent scar on her breast line after using a product called Bath Suds the Bath Sponge ("Bath Sponge").  Defendants Big Lots and Donnamax are retailers of the Bath Sponge.  Travelers, the insurer of both Big Lots and Donnamax, is also a named Defendant in this case.

Plaintiff, proceeding *pro se*, filed an action on September 22, 2008 against Defendants alleging: (1) failure to warn; (2) failure

---

[1]  In review of Paper 44, Plaintiff seeks to amend her motion for reconsideration to include additional allegations in support of her false marking claim.

to guard; (3) defect in construction; (4) defect in material; (5) selling a product that is unfit for intended use; (6) affixing false patent pending markings on the product; and (7) changing the design of the defective product without alerting the public or issuing a recall.  Defendants subsequently filed separate motions to dismiss.  (Papers 9, 11, and 13).  The motions of Travelers and Donnamax were granted in their entirety, and Big Lots' motion was granted in part and denied in part.  In addition, the court granted Big Lots' motion to strike and ordered Plaintiff to effect proper service on Big Lots within 60 days of the Order.  Plaintiff filed a motion for reconsideration on June 3, 2009.  (Paper 40).  Plaintiff subsequently filed a motion to amend the motion for reconsideration on June 24, 2009.  (Paper 44).

## II.  Standard of Review

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 538 U.S. 1012 (2003)).  "A motion to reconsider is not a license to reargue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).

2

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.,* 148 F.3d at 403.

### III.  Plaintiff's Motion to Amend

Plaintiff filed a motion to amend her motion for reconsideration to include new allegations about her false marking claim.  Title 35 U.S.C. § 292 provides that any person may sue when a party "marks, or affixes to, or uses in advertising in connection with any article, the words 'patent applied for,' 'patent pending,' . . . when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public."  The court previously dismissed Plaintiff's false marking claim against Big Lots and Donnamax because Plaintiff failed to allege that either Defendant had affixed false markings on the Bath Sponge, an essential element of the claim.

In her motion to amend, Plaintiff alleges that she saw "questionable markings" on the Bath Sponge, and that these markings suggested that a patent was pending.  In addition, Plaintiff has resubmitted a letter (originally filed as Paper 37) from the United States Patent and Trademark Office responding to Plaintiff's inquiry whether either Big Lots or Donnamax had ever filed a patent application for the Bath Sponge.  On March 3, 2009, David Wiley with the Office of the Commissioner for Patents sent a letter to Plaintiff responding to her request for information.  Mr. Wiley explained that he had performed a cursory search and found that neither Big Lots nor Donnamax had filed patent applications for the

Bath Sponge.   Plaintiff argues that this evidence as well as her new allegation that she saw questionable markings on the Bath Sponge makes clear that Big Lots and Donnamax intended to deceive the public by advertising their product as "patent pending," when in fact Defendants had never filed a patent application for the Bath Sponge.   Plaintiff contends that she relied on the "patent pending" marking as evidence of the safety of the Bath Sponge. While Plaintiff has alleged that she saw markings on the Bath Sponge suggesting that a patent was pending, Plaintiff has not presented anything linking that action to either Defendant.

## IV.  Plaintiff's Motion for Reconsideration

Although unclear, Plaintiff appears to make three requests to the court in her motion for reconsideration: (1) to deny Big Lots' motion to strike; (2) to find that Big Lots was properly served; and (3) to deny Big Lots and Donnamax's motion to dismiss in their entirety.   Plaintiff does not dispute the dismissal of all claims against Travelers as well as Steven Fishman, CEO of Big Lots.

### A.  Motion to Strike

Defendant Big Lots filed a motion to strike Plaintiff's response to Defendant's second motion to dismiss and request for a jury trial, which was subsequently granted.   The court determined that Plaintiff's response constituted a surreply memorandum and therefore was not permitted unless ordered by the court.   In addition, the court determined that even if it considered

4

Plaintiff's surreply, Plaintiff had not set forth additional allegations that would help her claims.

In her motion for reconsideration, Plaintiff argues that her response to Defendant's motion was not a surreply, but merely an attempt to modify a clerical error. Although very unclear, Plaintiff appears to contend that she mistakenly filed a duplicate of her opposition to Defendant's motion to dismiss, and that this affected the numbering of subsequent documents on the docket sheet. However, the duplicate copy that Plaintiff mistakenly filed did not affect her case. Rather, it was only the substance of Plaintiff's response that was considered. As previously explained, even if the court accepted Plaintiff's response to Defendant's second motion to dismiss, Plaintiff has not provided any additional information that would help her case.

**B.  Sufficiency of Service**

The court previously determined that Big Lots had not been properly served because the summons was served upon Karen Holly, a receptionist who was not authorized to receive service on behalf of Big Lots. Plaintiff was directed to effect proper service on Big Lots within 60 days of the court's May 22, 2009 Order. In her motion for reconsideration, Plaintiff contends that Big Lots was properly served and that Ms. Holly was authorized to accept the summons. This issue is now moot, as Big Lots has answered Plaintiff's complaint. (Paper 52).

### C.  Donnamax and Big Lots' Motion to Dismiss

Plaintiff requests that the court reconsider its finding that Donnamax's motion to dismiss should be granted and that Big Lots' motion to dismiss should be granted in part.  Plaintiff has attached several exhibits to her motion for reconsideration, and contends that this new evidence should lead the court to deny both Defendants' motion to dismiss.  Plaintiff's additional "evidence" is confusing and barely comprehensible.  The only potentially relevant evidence Plaintiff submits is a letter from the United States Product Safety Commission ("Commission") addressed to the President of Donnamax.[2]  The letter explains that the Commission provides firms with consumer complaints and reports of in-depth investigations concerning injuries or incidents associated with products within the Commission's jurisdiction.  The letter explains that to assure that the firms have access to all information that the Commission receives, the Commission sends all complaints and investigation reports to the firms, regardless of whether the problem appears to be safety-related or the firm's product appears to be at fault.  The letter goes on to explain that these reports *may* reasonably support a conclusion that Donnamax's product contains a defect which could create a substantial product hazard or create an unreasonable risk of death or serious injury.

---

[2]  Plaintiff filed the letter as Paper 42 and references the letter in the exhibits attached to her motion for reconsideration.

Irrespective of the letter, the fact remains that Plaintiff never alleged that she purchased the allegedly defective Bath Sponge from Donnamax, an essential element of her product defect claim against Donnamax.   Moreover, the Commission's letter explains that although there is an investigative report about one of Donnamax's products, these reports do not necessarily mean that the firm's product will ultimately be deemed a safety hazard. Therefore, the letter is of limited relevance.

**V.  Conclusion**

For the foregoing reasons, Plaintiff's motion to amend and motion for reconsideration will be denied.  A separate Order will follow.

                                              _____/s/_____
DEBORAH K. CHASANOW
United States District Judge